Hubert Kuo SBN 204036
Jeffrey T. Gwynn SBN 180548
ARDENT LAW GROUP
2301 DuPont Drive Ste 510
Irvine CA 92612
T:  949-863-9782
F:  949-863-9783
Email: hkuo@ardentlawgroup.com
Email: jgwynn@ardentlawgroup.com

Attorneys for Plaintiff Global Housebuyer Ltd,
a Hong Kong company

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL HOUSE BUYER LIMITED, a Hong Kong company; in its individual capacity and as the assignee of Yu Jianghao and as assignee of Zhang Lifang;<br><br>      Plaintiffs,<br><br>vs.<br><br>JAMES DANIEL CLARK, an individual; AMERICAN IMPACT ENERGY I LLC, a Nevada limited liability company, AMERICAN IMPACT ENERGY LLC, a Nevada limited liability company, and DOES 1-10.<br><br>      Defendants. | Case No.<br>Assigned for all purposes to:<br>Judge:<br>Dept.<br><br>**COMPLAINT FOR BREACH OF CONTRACT AND FRAUD** |

Plaintiff GLOBAL HOUSEBUYER, LTD., a Hong Kong company ("Global"), in its individual capacity and as the assignee of Yu Jianghao ("Yu") and as assignee of Zhang Lifang ("Zhang") ("Plaintiff"), alleges as follows:

## JURISDICTION AND VENUE

1.      This action is brought under the diversity jurisdiction of this Court, pursuant to 28 U.S.C. §1332(a)(2).  The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the action is between a

ARDENT LAW GROUP, PC
2301 Dupont Dr., Ste. 510
Irvine, California 92612
Telephone: (949) 863-9782
Facsimile: (949) 863-9783

1  subject of a foreign state and citizens of different states.  Plaintiff is a subject of the
2  People's Republic of China.  Defendants are citizens of California and Nevada.

3      2.      Venue is proper in this Court, pursuant to 28 U.S.C. §1391(a),
4  because it is a judicial district in which Defendant James Daniel Clark resides and
5  is subject to the Court's personal jurisdiction with respect to such action, and/or in
6  which a substantial portion of the events or omissions giving rise to the claim
7  occurred.

8                          **PARTIES**

9      3.      GLOBAL HOUSE BUYER LIMITED ("Global"), is and at all
10 relevant times was, a limited Chinese private company, organized and existing
11 under the Laws of Hong Kong, Peoples Republic of China (P.R.C.), with its
12 principal place of business located in Kowloon, Hong Kong, P.R.C.  Global is also
13 the assignee of all right, title and interest in certain "Well Bore Assignments," a
14 certain Subscription Agreement and all claims owned by Yu Jianghao ("YU")
15 against Defendants related to the subject matter of this action.  Global is also the
16 assignee of all right, title and interest in certain "Well Bore Assignments," a certain
17 Subscription Agreement and all claims owned by Zhang Lifang ("ZHANG")
18 against Defendants related to the subject matter of this action.

19     4.      On information and belief, Defendant American Impact Energy 1,
20 LLC ("AIE-1") was a limited liability company organized under the laws of the
21 State of Nevada, with its principal place in Phoenix, Arizona, which is currently
22 listed by Nevada's Secretary of State as in default.

23     5.      On information and belief, Defendant American Impact Energy, LLC
24 ("AIE") is a Nevada limited liability company with its principal place of business
25 in Phoenix, Arizona, which is currently listed by Nevada's Secretary of State as in
26 default.  AIE is the Manager of AIE-1.

27
28

ARDENT LAW GROUP, PC
2301 Dupont Dr., Ste. 510
Irvine, California 92612
Telephone: (949) 863-9782
Facsimile: (949) 863-9783

2
COMPLAINT FOR BREACH OF CONTRACT AND FRAUD

6.     On information and belief, Defendant James Daniel Clark ("Clark") is, at the time of filing this action, a resident of West Hollywood, California, who previously resided in Phoenix, Arizona.  At all relevant times, Clark held himself out as a Manager or officer or member of AIE and AIE-1.

7.     On information and belief, there exists, and at all times herein mentioned there existed, a unity of interest and ownership between Defendant Clark and Defendants AIE and AIE-1, and Does 1 through 10, inclusive, such that any individuality and separateness between Clark and AIE and AIE-1 and Does 1 through 10, inclusive, have ceased to exist, and Defendant Clark is the alter ego of Defendants AIE and AIE-1 in that AIE and AIE-1 are, and at all times herein mentioned were, mere shells, instrumentalities and conduits through which Defendant Clark carried on his business and were so inadequately capitalized that, compared with the business to be done by AIE and AIE-1 and the risks of loss, their capitalization was illusory.  Furthermore, Clark completely controlled, dominated, managed, and operated both AIE and AIE-1 and intermingled the assets of each to suit the convenience of Clark ant to evade payment of the obligations owed to creditors of AIE and AIE-1.

8.     Adherence to the fiction of the separate existence of Defendants AIE, AIE-1 and Defendant Clark and Does 1 through 10, inclusive, would permit an abuse of the corporate privilege and would sanction fraud and promote injustice in that Clark has perpetrated fraudulent acts in the names of AIE and AIE-1 and never taken the steps to maintain the corporate standing of AIE and AIE-1.

9.     The true names and capacities, whether individual, corporate, or otherwise, of Defendants DOES 1 through 10, inclusive, are unknown to Plaintiff at this time, and therefore, Plaintiff sues said Defendants by such fictitious names. Plaintiff is informed and believe, and thereon allege, that each of the Defendants designated herein as a fictitiously named Defendant is, in some manner,

COMPLAINT FOR BREACH OF CONTRACT AND FRAUD

ARDENT LAW GROUP, PC
2301 Dupont Dr., Ste. 510
Irvine, California 92612
Telephone: (949) 863-9782
Facsimile: (949) 863-9783

responsible for the events and happenings referred to herein, either contractually or tortiously.  Plaintiff will amend this Complaint to show their true names and capacities when the same have been ascertained.

10.    Plaintiff is informed and believes and thereon alleges that at all times herein mentioned each of the Defendants sued herein other than Defendant Clark was the partner, agent and/or employee of each of the remaining Defendants, and was at all times acting within the purpose and scope of such partnership, agency and employment.

## FACTS COMMON TO ALL CLAIMS

11.    Commencing in our about the fall of 2014, Clark solicited Global to become the agent of AIE and AIE-1 for the purpose of locating "first-time" Chinese investors to invest in oil properties in Texas.  Clark represented that the company he was establishing (variously known as AIE and AIE-1) would invest in a mature oilfield, with stable production output, and offer investments (later believed to be in the form of convertible debentures denominated "debt units") in minimum increments of $100,000, which would yield an annualized rate of return of 10 to 15 per cent, depending on the market price of crude oil.  Clark represented that the investors would have direct ownership of the oil wells included in the properties.

12.    In December 2014, Global was persuaded to act as the agent of AIE and AIE-1 and it arranged for Clark to make presentations to Chinese investors in China.  Clark prepared presentation slides in English which were translated into Chinese by Global's employees.  The presentations described a 50/50 partnership between Chinese Investors and U.S. Partners.  The U.S. Partners were, inter alia, to provide the oil field (with permits to exploit the mineral rights) and equipment, and were to be responsible for production, equipment, storage and sale of crude oil, management of legal procedures and government documents, and providing

COMPLAINT FOR BREACH OF CONTRACT AND FRAUD

ARDENT LAW GROUP, PC
2301 Dupont Dr., Ste. 510
Irvine, California 92612
Telephone: (949) 863-9782
Facsimile: (949) 863-9783

monthly reports regarding production, sale and costs.  The Chinese investors were to be permitted to appoint one director and the CFO, and (according to the presentation) "can directly own the oil wells.  Will be registered with the state government."

13.     The presentation sought an investment of 4.3 million U.S. Dollars and forecast an annualized rate of return of 12%, which would exceed 20% if the price of crude reached $70 per barrel.  The presentation further provided that, "If the oil price descends lower than $50/barrel, the U.S. Partners are willing to contribute their own income, to guarantee that the return for the investors will not be lower than 10%."

14.     Clark, AIE and AIE-1 caused a Subscription Agreement to be prepared, which they provided to Global for use in soliciting Chinese investors. The original form of subscription agreement was vague and ambiguous, but was supplemented by a revised form of subscription agreement which better expressed its terms.

15.     On February 10, 2015, Yu executed a form of Subscription Agreement with AIE and paid $100,000.00 for one "15% Convertible Company Unit (36 month Subscription)" which meant a Convertible Debenture yielding interest of 15% per annum with a balloon payment of principal in the amount of $100,000 due at the end of the three-year period, unless the investment was rolled over (the "Yu Subscription Agreement").  The Yu Subscription Agreement contemplated that the investor could withdraw the funds invested on 45 days' prior notice but would be required to pay a 2% fee for early withdrawal of funds.  A true and correct copy of the Yu Subscription Agreement is attached hereto as Exhibit A and incorporated herein by reference.

16.     On March 19, 2015, Zhang executed a form of Subscription Agreement with AIE and paid $100,000.00 for one "15% Convertible Company

COMPLAINT FOR BREACH OF CONTRACT AND FRAUD

ARDENT LAW GROUP, PC
2301 Dupont Dr., Ste. 510
Irvine, California 92612
Telephone: (949) 863-9782
Facsimile: (949) 863-9783

Unit (36 month Subscription)" which meant a Convertible Debenture yielding interest of 15% per annum with a balloon payment of principal in the amount of $100,000 due at the end of the three-year period, unless the investment was rolled over ("the Zhang Subscription Agreement"). The Zhang Subscription Agreement contemplated that the investor could withdraw the funds invested on 45 days' prior notice but would be required to pay a 2% fee for early withdrawal of funds. A true and correct copy of the Zhang Subscription Agreement is attached hereto as Exhibit B and incorporated herein by reference.

17    Both the Yu Subscription Agreement and the Zhang Subscription Agreement provide that "The subscriber will get the title of the Wells after the subscription is made."

18.    On March 5, 2015, Defendant AIE-1 provided Yu with six "Well Bore Assignments" which purportedly assigned to Yu AIE-1's undivided 1.25% interest in six specified oil wells located in Crockett County, Texas. The six assignments purportedly had been recorded in the Official Records of Crockett County, Texas, and listed document numbers, volume and page numbers showing the purported recording of those assignments.   The March 5, 2015 set of Well Bore Assignments was fraudulent, bearing the document numbers, volume and page numbers of entirely unrelated documents in the Official Records of Crockett County, Texas. Subsequently, on March 20, 2015, AIE-1 provided Global with six new "Well Bore Assignments" which assigned to Yu AIE-1's undivided 1.25% interest in the same six specified oil wells located in Crockett County, Texas, which were effective February 19, 2015, and which were in fact recorded on March 20, 2015 in the Official Records of Crockett County, Texas.

19.    On May 5, 2015, Defendant AIE-1 provided Zhang with six "Well Bore Assignments" which purportedly assigned to Zhang AIE-1's undivided 1.25% interest in the same six specified oil wells located in Crockett County, Texas, as

COMPLAINT FOR BREACH OF CONTRACT AND FRAUD

ARDENT LAW GROUP, PC
2301 Dupont Dr., Ste. 510
Irvine, California 92612
Telephone: (949) 863-9782
Facsimile: (949) 863-9783

were previously assigned to Yu.  The six assignments to Zhang purportedly had been recorded in the Official Records of Crockett County, Texas, and listed document numbers, volume and page numbers showing the purported recording of those assignments.   The May 5, 2015 set of Well Bore Assignments was fraudulent, bearing the document numbers, volume and page numbers of entirely unrelated documents in the Official Records of Crockett County, Texas.  No legitimate recorded assignments were ever provided to Zhang.

20.     For a period of time in 2015, Defendants made interest payments to Yu and Zhang in accordance with the terms of the Yu and Zhang Subscription Agreements.  However, after March 1, 2016, any and all interest payments by AIE and/or AIE-1 ceased.  Both Yu and Zhang promptly demanded the return of their respective $100,000 investments.  Defendants did not return those investments.

21.     Yu and Zhang then demanded of Global that it return the funds they had invested in AIE and AIE-1.  Global returned the investments.

22.     On August 5, 2016, Yu assigned to Global all of Yu's rights, title and interests in the Yu Subscription Agreement and the March 5 and March 20 Well Bore Assignments and all claims against AIE, AIE-1 and Clark.

23.     On August 5, 2016, Zhang assigned to Global all of Zhang's rights, title and interests in the Zhang Subscription Agreement and in the fraudulent May 5 Well Bore Assignments and all claims against AIE, AIE-1 and Clark.

## FIRST CLAIM FOR BREACH OF CONTRACT

### (Against All Defendants)

24.      Plaintiff realleges each of the allegations set forth above in Paragraphs 1-23, inclusive, as though set forth in full.

25.      On or about February 10, 2015, Yu and AIE entered into the written Yu Subscription Agreement attached as Exhibit A.  On August 5, 2016, Yu assigned to Global all of its rights, title and interest in the Yu Subscription and all

ARDENT LAW GROUP, PC
2301 Dupont Dr., Ste. 510
Irvine, California 92612
Telephone: (949) 863-9782
Facsimile: (949) 863-9783

7

claims against AIE, AIE-1 and Clark.

26.     On or about March 19, 2015, Zhang and AIE entered into the written Zhang Subscription Agreement attached as Exhibit B.  On August 5, 2016, Zhang assigned to Global all of its rights, title and interest in the Zhang Subscription Agreement and all claims against AIE, AIE-1 and Clark.

27.     Yu performed all conditions, covenants and promises required to be performed on his part in accordance with the terms of the Yu Subscription Agreement.  In particular, Yu paid AIE, AIE-1 and/or Clark the sum of $100,000 for his convertible debentures/debt units.

28.     Zhang performed all conditions, covenants and promises required to be performed on her part in accordance with the terms of the Zhang Subscription Agreement.  In particular, Zhang paid AIE, AIE-1 and/or Clark the sum of $100,000 for her convertible debentures/debt units.

29.     Defendants have failed and refused, and continue to fail and refuse, to perform the conditions of the Yu Subscription Agreement or the Zhang Subscription Agreement on their part to be performed.  In particular, Defendants have failed to make all quarterly interest payments as required and have failed to return the principal upon the respective demands of Yu and Zhang.

30.     Yu was damaged by reason of Defendants' breach of the Yu Subscription Agreement.  Yu was never paid the interest payments for the period after 3-1-2016 and was entitled to receive $1250 per month of interest which as of October 10, 2016 is the sum of $8750 as additional interest payments and increasing monthly for the three year subscription period or $30,000 total.  In addition, Yu never received the return of his $100,000 investment as provided for under the Yu Subscription Agreement.

31.     Zhang was damaged by reason of Defendants' breach of the Zhang Subscription Agreement.  Zhang was paid the interest payments through 12-31-15

8

COMPLAINT FOR BREACH OF CONTRACT AND FRAUD

ARDENT LAW GROUP, PC
2301 Dupont Dr., Ste. 510
Irvine, California 92612
Telephone: (949) 863-9782
Facsimile: (949) 863-9783

which on information and belief was approximately $11,250 and was and is entitled to receive the sum of $33,750 as additional interest payments.  In addition, Zhang never received the return of her $100,000 investment as provided for under the Zhang Subscription Agreement.  Further, Zhang never received title to the wells which he had been promised but instead received only fraudulent title documents purporting to show recorded assignments from AIE-1 of interests in those wells.

32.     As their assignee, Global stands in the shoes of Yu and Zhang and is entitled to all the sums that the assignors were entitled to.

## SECOND CLAIM FOR FRAUD
### (Against All Defendants)

33.     Plaintiff realleges each of the allegations set forth above in Paragraphs 1-23, and 25-32, inclusive, as though set forth in full.

34.     The representations made by the Defendants to Yu and Zhang were false, and were made with knowledge of their falsity or with reckless disregard of their truth.  Defendants falsely represented that Yu and Zhang would have guaranteed annual returns of 15% interest, but Defendants knew they lacked the means to make those interest payments.  Defendants falsely represented that they would deliver title to the oil wells after the subscriptions were made, but delivered fraudulent title documents to both Yu and Zhang, before providing legitimate title documents to Yu but never providing legitimate title documents to Zhang.  In addition Defendants made promises to Yu and Zhang which they had no intention of performing when they made the promises, namely the promises to make interest payments quarterly, the promise to provide title documents and the promise to return the principal on demand. Defendants also concealed the fact that the title documents originally delivered to Yu and the only title documents delivered to Zhang were fraudulent.

COMPLAINT FOR BREACH OF CONTRACT AND FRAUD

ARDENT LAW GROUP, PC
2301 Dupont Dr., Ste. 510
Irvine, California 92612
Telephone: (949) 863-9782
Facsimile: (949) 863-9783

35.     Defendants intended to deceive Yu and Zhang and Global when they made the misrepresentations and false promises and provided fraudulent title documents.

36.     Defendants intended that Yu and Zhang and Global rely on their misrepresentations, false promises and fraudulent title documents.

37.     Yu and Zhang and Global reasonably relied on those misrepresentations, false promises and fraudulent title documents.  Global reimbursed Yu and Zhang for their losses because Global had been induced by Defendants' misrepresentations to locate investors and the investors had relied on Global's reputation for honesty in making those investments.

38.     Yu and Zhang and Global were harmed by reason of their reliance on Defendants' misrepresentations, false promises and fraudulent title documents, which was the proximate cause of their harm.

39.     Defendants acted with malice, oppression or fraudulent intent in making the false representations, providing fraudulent title documents and making promises without intent to perform.  Because Defendants are guilty of oppression, fraud and/or malice, Plaintiff is entitled to recover, in addition to its actual damages, exemplary or punitive damages.

WHEREFORE Plaintiff  prays for judgment against Clark, AIE, AIE-1 and DOES 1 through 10, inclusive, as follows:

On the First Cause of Action for Breach of Contract:

1.     For money damages consisting of lost interest and return of investments in the sum of $200,000 +.

2.     For prejudgment interest at the legal rate;

3.     For costs of suit.

On the Second Cause of Action for Fraud:

4.     For recovery of all sums paid to Defendants by Zhang;

COMPLAINT FOR BREACH OF CONTRACT AND FRAUD

ARDENT LAW GROUP, PC
2301 Dupont Dr., Ste. 510
Irvine, California 92612
Telephone: (949) 863-9782
Facsimile: (949) 863-9783

5.      For recovery of the difference between the fair market value of what Yu paid for the well bore assignments and the value of what Yu received;

6.      For all amounts that Global reasonably spent in reliance on Defendants' false representations, submission of fraudulent title documents and false promises;

7.      For punitive damages; and

8.      For such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

Dated:      September 27, 2016          ARDENT LAW GROUP, P.C.

By:    /s/ Hubert H. Kuo
       Hubert H. Kuo
       Jeffrey Gwynn
       Attorneys for Plaintiff Global
       Housebuyer Ltd., a Hong Kong
       Company

COMPLAINT FOR BREACH OF CONTRACT AND FRAUD

ARDENT LAW GROUP, PC
2301 Dupont Dr., Ste. 510
Irvine, California 92612
Telephone: (949) 863-9782
Facsimile: (949) 863-9783