## DECLARATION OF SERENA SHI

I, Serena Shi, declare as follows:

1.    I am president and CEO of Plaintiff GLOBAL HOUSE BUYER LIMITED ("GLOBAL") in this matter. I submit this declaration in support of GHB's Request for Default Judgment. I have personal knowledge of the facts stated herein and, if called as a witness, I could and would testify competently thereto.

2.    GLOBAL is a limited Chinese private company, organized and existing under the Laws of Hong Kong, Peoples Republic of China (P.R.C.). with its principal place of business located in Kowloon, Hong Kong, P.R.C. Global is also the assignee of all right, title and interest in certain "Well Bore Assignments," a certain Subscription Agreement and all claims owned by Yu Jianghao ("YU") against Defendants related to the subject matter of this action. Attached hereto as Exhibit A is a true and correct copy of the assignment from Yu to Global.

3.    Global is also the assignee of all right, title and interest in certain "Well Bore Assignments," a certain Subscription Agreement and all claims owned by Zhang Lifang ("ZHANG") against Defendants related to the subject matter of this action. Attached hereto as Exhibit B is a true and correct copy of the assignment from ZHANG to Global.

4.    Commencing in our about the fall of 2014, Clark solicited Global to work with AIE and AIE-1 for the purpose of locating "first-time" Chinese investors to invest in oil properties in Texas. Clark represented that the company he was establishing (variously known as AIE and AIE-1) would invest in a mature oilfield, with stable production output, and offer investments (later believed to be in the form of convertible debentures denominated "debt units") in minimum increments of $100,000, which would yield an annualized rate of return of 10 to 15 per cent, depending on the market price of crude oil. Clark represented that the

ARDENT LAW GROUP, PC
2301 Dupont Dr., Ste. 410
Irvine, California 92612
Telephone: (949) 863-9782
Facsimile: (949) 863-9763

**NOTICE OF MOTION AND MOTION FOR ENTRY
OF DEFAULT JUDGMENT BY COURT**

investors would have direct ownership of the oil wells included in the properties.

5.     In December 2014, Clark continued to represent to me that Global's clients and Global itself could make a substantial return on investment in Texas Oil Wells. Clark persuaded me to assist AIE and AIE-1 and our company arranged for Clark to make presentations to Chinese investors in China. Clark prepared presentation slides in English which were translated into Chinese by our employees. The presentations described a 50/50 partnership between Chinese Investors and U.S. Partners. The U.S. Partners were to provide the oil field (with permits to exploit the mineral rights) and equipment, and were to be responsible for production, equipment, storage and sale of crude oil, management of legal procedures and government documents, and providing monthly reports regarding production, sale and costs. The Chinese investors were to be permitted to appoint one director and the CFO, and (according to the presentation) "can directly own the oil wells. Will be registered with the state government."

6.     The presentation sought an investment of 4.3 million U.S. Dollars and forecast an annualized rate of return of 12%, which would exceed 20% if the price of crude reached $70 per barrel. The presentation further provided that, "If the oil price descends lower than $50/barrel, the U.S. Partners are willing to contribute their own income, to guarantee that the return for the investors will not be lower than 10%." This was an important point as Global's reputation was on the line and our clients counted on us to make solid representations of an investment's value and safety.

7.     Clark, AIE and AIE-1 caused a Subscription Agreement to be prepared, which they provided to Global for use in soliciting Chinese investors. The original form of subscription agreement was vague and ambiguous, but was supplemented by a revised form of subscription agreement which better expressed its terms.

NOTICE OF MOTION AND MOTION FOR ENTRY
OF DEFAULT JUDGMENT BY COURT

8.      Based on these representations, Global through its Hong Kong office, introduced two Chinese investors, Zhang and Lifang, to Clark.  Zhang and Lifang each invested $100,000 in to this scheme.  Neither investor fully received their promised consideration.

9.      Global reasonably relied on defendant's misrepresentations, false promises and fraudulent title documents.  Global reimbursed Yu and Zhang for their losses because Global had been induced by Defendants' misrepresentations to locate investors and the investors relied on Global's reputation for honesty in making those investments.

10.      As assignee, plaintiff is entitled to a judgment in the amount of $263,750 for the contract damages related to Zhang and Lifang.  As a result of the fraudulent conduct, defendants caused plaintiff to put its reputation on the line by peddling these subscription agreements. It had to refund Zhang and Yu $200,000 to prevent it reputation from being besmirched.  Plaintiff introduced Zhang and Yu to defendants in part because of the guarantee by the partners that they would pay at least 10% interest.  This promise was an elaborate ruse to gain trust.  The provision of fraudulent deeds shows that defendants had no intention of every honoring these transactions.  As such, punitive damages should also be entered in the amount of $50,000.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 11th day of January, 2017 in Beijing, China

Serena Shi

NOTICE OF MOTION AND MOTION FOR ENTRY
OF DEFAULT JUDGMENT BY COURT